**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **NANCY FITZWATER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 3:21cv00244** |
| **LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant Lincoln Life Assurance Company of Boston f/k/a Liberty Life Assurance Company of Boston ("Liberty Life")[1] files this Answer to Plaintiff's Original Complaint (the "Complaint") filed by Plaintiff Nancy Fitzwater ("Plaintiff"), and states as follows:

1. Liberty Life admits Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)). Liberty Life admits it issued Group Disability Income Policy numbered GF3-890-464495-01 (the "Policy") to Linn Operating, LLC ("Linn") which Policy, at certain times, insured benefits paid by the Linn Operating, LLC Long Term Disability Plan ("the LTD Plan") sponsored by Linn, to provide certain benefits to participating, eligible employees of Linn and certain of its affiliates/related entities. Liberty Life admits Plaintiff was, at certain times, employed by Riviera Operating, LLC ("Riviera"), a successor, subsidiary, or other affiliate of Linn, and was, at certain times, a participant in the LTD Plan. Liberty Life denies it was the plan administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 1 of the Complaint.

---

[1] Liberty Life Assurance Company of Boston is now known as Lincoln Life Assurance Company of Boston, which is the correct name of the Defendant in this action.

## PARTIES

2. Liberty Life is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation.

3. Liberty Life admits the allegations contained in Paragraph 3 of the Complaint.

4. Liberty Life admits it issued the Policy to Linn which Policy, at certain times, insured benefits paid by the LTD Plan. Liberty Life denies it was the plan administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Liberty Life admits the allegations contained in Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. Liberty Life admits that Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)) under the jurisdiction of this Court pursuant to 28 U.S.C. § 1331. Liberty Life denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Liberty Life admits that venue of this action is proper in this Court. To the extent that Paragraph 7 contains legal conclusions, Liberty Life is not required to answer. Liberty Life denies all remaining allegations contained in Paragraph 7 of the Complaint.

## CONTRACTUAL AND FIDUCIARY RELATIONSHIP

8. Liberty Life admits Plaintiff was, at certain times, a participant in the LTD Plan. Liberty Life admits it issued the Policy to Linn, which Policy, at certain times, insured benefits paid by the LTD Plan. Liberty Life denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Liberty Life admits Plaintiff was, at certain times, employed by Riviera and a participant in the LTD Plan. Liberty Life admits it issued the Policy to Linn, which Policy, at certain times, insured benefits paid by the LTD Plan. Liberty Life denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Liberty Life admits it issued the Policy to Linn with an effective date of January 1, 2016, which Policy, at certain times, insured benefits paid by the LTD Plan. Liberty Life denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Liberty Life admits it issued the Policy to Linn, which Policy, at certain times, insured benefits paid by the LTD Plan under the terms of the Policy. Liberty Life admits that it was, at certain times, the claim administrator for Plaintiff's claim for benefits from the LTD Plan under the Policy that is the subject of the above-styled action and that Plaintiff's claims in the Complaint are governed by ERISA. Liberty Life denies it was the plan administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. To the extent that Paragraph 12 contains legal conclusions, Liberty Life is not required to answer. Liberty Life denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Liberty Life admits it issued the Policy to Linn, which Policy, at certain times, insured benefits paid by the LTD Plan under the terms of the Policy. Liberty Life denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Liberty Life admits it issued the Policy to Linn, which Policy, at certain times, insured benefits paid by the LTD Plan under the terms of the Policy. Liberty Life admits that it was, at certain times, the claim administrator for Plaintiff's claim for benefits from the LTD Plan under the Policy that is the subject of the above-styled action. Liberty Life denies it was the plan administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Liberty Life admits it issued the Policy to Linn, which Policy, at certain times, insured benefits paid by the LTD Plan under the terms of the Policy. Liberty Life denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Liberty Life admits that its decision on Plaintiff's claim for benefits from the LTD Plan under the Policy is the subject of the Complaint. Liberty Life denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. To the extent that Paragraph 17 contains legal conclusions, Liberty Life is not required to answer. Liberty Life denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. To the extent that Paragraph 18 contains legal conclusions, Liberty Life is not required to answer. Liberty Life denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. To the extent that Paragraph 19 contains legal conclusions, Liberty Life is not required to answer. Liberty Life denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. To the extent that Paragraph 20 contains legal conclusions, Liberty Life is not required to answer. Liberty Life denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. To the extent that Paragraph 21 contains legal conclusions, Liberty Life is not required to answer Liberty Life denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. To the extent that Paragraph 22 contains legal conclusions, Liberty Life is not required to answer. Liberty Life denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. To the extent that Paragraph 23 contains legal conclusions, Liberty Life is not required to answer. Liberty Life denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. To the extent that Paragraph 24 contains legal conclusions, Liberty Life is not required to answer. To the extent Plaintiff attempts to interpret the Policy, Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. To the extent that Paragraph 25 contains legal conclusions, Liberty Life is not required to answer. To the extent Plaintiff attempts to interpret the Policy, Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. To the extent that Paragraph 26 contains legal conclusions, Liberty Life is not required to answer. To the extent Plaintiff attempts to interpret the Policy, Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. To the extent that Paragraph 27 contains legal conclusions, Liberty Life is not required to answer. To the extent Plaintiff attempts to interpret the Policy, Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 27 of the Complaint.

**ADMINISTRATIVE APPEAL**

28. Liberty Life admits Plaintiff was, at certain times, employed by Riviera as a Regulatory Supervisor. Liberty Life admits that documents in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan contain information concerning Plaintiff's date of birth, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. To the extent that Plaintiff is relying on documents that are not contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, Liberty Life states that the Court's review in this action is limited to the administrative record and refers to the administrative record itself as the best evidence of its contents. Additionally, to the extent Plaintiff attempts to interpret the Dictionary of Occupational Titles, Liberty Life refers to that document itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. To the extent that Plaintiff is relying on documents that are not contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, Liberty Life states that the Court's review in this action is limited to the administrative record and refers to the administrative record itself as the best evidence of its contents. Additionally, to the extent Plaintiff attempts to interpret the Dictionary of Occupational Titles, Liberty Life refers to that document itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Liberty Life admits Plaintiff's last day at work at Riviera was February 2, 2018. Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Liberty Life

refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Liberty Life admits Plaintiff's last day at work at Riviera was February 2, 2018. Liberty Life admits that by this action, Plaintiff is seeking recovery of disability benefits from the LTD Plan, and Liberty Life denies Plaintiff is entitled to any such relief or recovery. Liberty Life admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan, and Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Liberty Life admits Plaintiff submitted a claim for short-term disability benefits from the short-term disability benefit plan ("STD Plan") sponsored by Linn. Liberty Life denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. Liberty Life admits Plaintiff received, at certain times, benefits from the STD Plan. Liberty Life denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. Liberty Life admits Plaintiff submitted a claim for benefits from the LTD Plan. Liberty Life admits it issued the Policy to Linn, which Policy, at certain times, insured benefits paid by the LTD Plan under the terms of the Policy. Liberty Life denies it was the plan administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 35 of the Complaint.

36. Liberty Life admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan, and Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 36 of the Complaint.

37. Liberty Life admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" and "Own Occupation" as applicable to a participant's claim for benefits from the LTD Plan, and Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 37 of the Complaint.

37.(sic) Liberty Life admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" and "Any Occupation" as applicable to a participant's claim for benefits from the LTD Plan, and Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in second Paragraph Numbered "37" of the Complaint.

38. Liberty Life admits Plaintiff submitted a claim for, and at certain times received, disability benefits from the LTD Plan sponsored by Linn. Liberty Life denies all remaining allegations contained in Paragraph 38 of the Complaint.

39. To the extent Plaintiff attempts to interpret the Policy, Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life admits that certain information concerning Plaintiff's earnings is reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life admits that the Policy includes language pertaining to the calculation of benefits as applicable to a participant's claim for benefits from the LTD Plan, and Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 39 of the Complaint.

40. Liberty Life admits it sent a letter to Plaintiff dated June 28, 2019, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 40 of the Complaint.

41. Liberty Life admits it sent a letter to Plaintiff dated June 28, 2019, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 41 of the Complaint.

42. Liberty Life admits it sent a letter to Plaintiff dated June 28, 2019, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 42 of the Complaint.

43. Liberty Life admits it sent a letter to Plaintiff dated June 28, 2019, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life admits it received a letter from Plaintiff's counsel dated December 20, 2019, appealing the denial of Plaintiff's claim for benefits from the LTD Plan, but Liberty Life refers to the letter and documents themselves as the best evidence of their contents. Liberty Life denies all remaining allegations contained in Paragraph 43 of the Complaint.

44. Liberty Life admits it received a letter from Plaintiff's counsel dated December 20, 2019, appealing the denial of Plaintiff's claim for benefits from the LTD Plan, but Liberty Life refers to the letter and documents themselves as the best evidence of their contents. Liberty Life denies all remaining allegations contained in Paragraph 44 of the Complaint.

45. Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life admits it received an appeal of the denial of Plaintiff's claim for further benefits from

the LTD Plan, along with additional documentation, which is contained in the administrative record, and Liberty Life refers to the letters and documents themselves as the best evidence of their contents. Liberty Life admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan, and Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 45 of the Complaint.

46. Liberty Life admits certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 46 of the Complaint.

47. Liberty Life admits certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 47 of the Complaint.

48. Liberty Life admits that occupational analysis/vocational reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 48 of the Complaint.

49. Liberty Life admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Liberty

Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 49 of the Complaint.

50. Liberty Life admits that medical reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 50 of the Complaint.

51. Liberty Life admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 51 of the Complaint.

52. Liberty Life admits that physician peer reviews and occupational analysis/vocational reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 52 of the Complaint.

53. Liberty Life admits it sent a letter to Plaintiff's counsel dated April 16, 2021, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 53 of the Complaint.

54. Liberty Life admits it sent a letter to Plaintiff's counsel dated April 16, 2021, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 54 of the Complaint.

55. Liberty Life admits it sent a letter to Plaintiff's counsel dated April 16, 2021, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 55 of the Complaint.

56. To the extent Plaintiff attempts to interpret the Policy, Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 56 of the Complaint.

57. Liberty Life admits only that its decisions on Plaintiff's claim for benefits from the LTD Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Liberty Life denies all remaining allegations contained in Paragraph 57 of the Complaint.

58. Liberty Life admits only that its decisions on Plaintiff's claim for benefits from the LTD Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Liberty Life denies all remaining allegations contained in Paragraph 58 of the Complaint.

59. Liberty Life admits only that its decisions on Plaintiff's claim for benefits from the LTD Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Liberty Life denies all remaining allegations contained in Paragraph 59 of the Complaint.

60. Liberty Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Liberty Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or

rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Liberty Life denies all remaining allegations contains in Paragraph 60 of the Complaint.

**MEDICAL FACTS**

61. Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 61 of the Complaint.

62. Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 62 of the Complaint.

63. Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 63 of the Complaint.

64. Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 64 of the Complaint.

65. Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan,

and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 65 of the Complaint.

66. Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 66 of the Complaint.

67. Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 67 of the Complaint.

68. Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 68 of the Complaint.

69. Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 69 of the Complaint.

70. Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 70 of the Complaint.

71. Liberty Life admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan, and Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 71 of the Complaint.

72. Liberty Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Liberty Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Liberty Life denies all remaining allegations contains in Paragraph 72 of the Complaint.

73. Liberty Life admits it issued the Policy to Linn, which Policy, at certain times, insured benefits paid by the LTD Plan. Liberty Life denies all remaining allegations contained in Paragraph 73 of the Complaint.

74. Liberty Life denies all allegations contained in Paragraph 74 of the Complaint.

75. Liberty Life denies all allegations contained in Paragraph 75 of the Complaint.

76. Liberty Life admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 76 of the Complaint.

77. Liberty Life admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Liberty

Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 77 of the Complaint.

78. Liberty Life admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 78 of the Complaint.

79. Liberty Life denies all allegations contained in Paragraph 79 of the Complaint.

80. Liberty Life denies all allegations contained in Paragraph 80 of the Complaint.

**COUNT I:**

81. Liberty Life incorporates its responses to Paragraphs 1-80 by reference as if fully set forth herein.

82. Liberty Life denies all allegations contained in Paragraphs 82 and 82 a-d of the Complaint.

**COUNT II:**

83. Liberty Life incorporates its responses to Paragraphs 1-82 by reference as if fully set forth herein.

84. Liberty Life denies all allegations contained in Paragraph 84 of the Complaint.

85. Liberty Life denies all allegations contained in the WHEREFORE Paragraph of the Complaint and Paragraphs A-E thereunder and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.

Liberty Life denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to terminate Plaintiff's benefits from the LTD Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Liberty Life is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which requires offset and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Liberty Life reserves the right to assert additional defenses.

## PRAYER

Liberty Life requests that the Court enter judgment that Plaintiff recovers nothing by this action, that Liberty Life be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Liberty Life be awarded such other and further relief to which it may show itself entitled.

Dated this 7th day of October 2021.

Respectfully submitted,

By: /s/ Iwana Rademaekers
Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Marc S. Whitehead
Email: marc@marcwhitehead.com

J. Anthony Vessel
Email: anthony@marcwhitehead.com

Britney Anne Heath McDonald
Email: britney@marcwhitehead.com

Madison Tate Donaldson
Email: madison@marcwhitehead.com

Selina Valdez
Email: selina@marcwhitehead.com

October 7, 2021 — /s/ Iwana Rademaekers
Date — Iwana Rademaekers